## HOY SMITH v. STATE.

No. A-9000.   April 10, 1936.
(56 Pac. [2d] 923.)

112

Louie Gossett and T. B. Lunsford, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

EDWARDS, P. J. Plaintiff in error, hereinafter called defendant, was convicted of murder in the district court of Pushmataha county and was sentenced to life imprisonment. At the time charged defendant shot and killed one Vada Scroggins. Though the evidence is conflicting on some points, the facts surrounding the killing are about as follows: Scroggins was operating an illicit still, and on the morning of the homicide he made a run of eleven gallons of whisky, ten of which were put in a keg and one in an extra container. Just before defendant came into the scene deceased had hidden the ten-gallon keg some distance from the still. Defendant knew of this still, and with a gun went on horseback near to it, hitched his horse, and, evidently intending to frighten deceased away from the still, he fired his gun and made an outcry as if a raid was being staged. Deceased and two young men named Lawson who were there ran from the still

carrying the gallon of whisky. Deceased went to his home about half a mile distant and armed himself with a Winchester rifle and suggested to the Lawsons that there was a shotgun and ammunition in the house if they wanted to go with him, but they did not accept the invitation. He then returned toward the place where the keg of whisky had been hidden and soon two shots were heard. In an hour or so witnesses went to the scene, found the body of deceased holding the rifle and lying face down across it. There is substantial evidence this gun had been recently fired. Death was caused by a bullet wound through the body. Defendant testified that after deceased and the two young men at the still left the scene he went to the still and found no one there; that some distance from it he found the keg of whisky; that he picked it up, intending to move it into a thicket, when he was fired at; that he immediately looked around and saw deceased with a gun, as though about to shoot again; that he fired and deceased fell and he immediately left the scene.

Several assignments of error are argued, none of which have any merit except the first, second, and third, which in substance are that the court erred in refusing defendant's requested instructions covering the law of manslaughter in the first degree and in refusing to instruct on that degree of homicide. The court instructed the law of murder only. He instructed further that there was no evidence showing or tending to show the homicide was manslaughter in either the first or the second degree. The instructions also cover the law of self-defense.

Defendant has sought to show by affidavits of five of the jurors that they would not have returned a verdict finding defendant guilty of murder, if, under the instructions, they could have returned a verdict for a lower degree of homicide. That they agreed to the verdict of

murder only because they did not believe defendant should be acquitted. The verdict of the jury cannot be impeached by affidavits of jurors upon any matter inhering in the verdict itself. This is too well settled to call for a citation of authorities.

Murder is defined by section 2216, Okla. Stat. 1931, which is:

"Homicide is murder in the following cases:

"First. When perpetrated without authority of law, and with a premeditated design to effect the death of the person killed, or of any other human being.

"Second. When perpetrated by any act imminently dangerous to others and evincing a depraved mind, regardless of human life, although without any premeditated design to effect the death of any particular individual.

"Third. When perpetrated without any design to effect death by a person engaged in the commission of any felony."

Manslaughter in the first degree is defined by section 2223, Okla. Stat. 1931, which is:

"Homicide is manslaughter in the first degree in the following cases:

"First. When perpetrated without a design to effect death by a person while engaged in the commission of a misdemeanor.

"Second. When perpetrated without a design to effect death, and in a heat of passion, but in a cruel and unusual manner, or by means of a dangerous weapon; unless it is committed under such circumstances as constitute excusable or justifiable homicide.

"Third. When perpetrated unnecessarily either while resisting an attempt by the person killed to commit a crime, or after such attempt shall have failed."

In the trial of a charge of murder, it is the duty of the court to determine, as a matter of law, whether there is any evidence tending to reduce the crime to the lower degrees of homcide, and, if so, to instruct the jury to fix the degree in their verdict. The distinction between murder and manslaughter in the first degree may be extremely difficult. It is sometimes said the distinction is that in murder there is a premeditated design to effect death, while in manslaughter in the first degree there is no premeditated design; tral courts, in their instructions, frequently draw this distinction. The fact of a premeditated design or the lack thereof is not always the test, particularly since the meaning of the word "premeditated" is changed somewhat from that at the common law. Section 2218, Okla. Stat. 1931. Basham v. State, 47 Okla. Cr. 204, 287 Pac. 761. In the second and third subdivisions of section 2216, supra, the manner or circumstances under which the homicide is committed, rather than the fact of premeditation, fixes its status as murder or otherwise. The third subdivision of section 2223, supra, may comprehend a state of facts in which the killing is premeditated as defined by section 2218 and yet the circumstances surrounding the homicide make it manslaughter, instead of murder. Even a justifiable homicide may be premeditated.

From its creation this court has uniformly held that in a trial for murder the court must instruct the jury on the law of manslaughter if there is any substantial evidence that the crime charged may have been committed under circumstances which would reduce it from murder to manslaughter, and this duty rests on the court whether requested by defendant or not; that this is to be determined by the trial court from the accusations and the evidence, as a matter of law. Cannon v. Territory, 1 Okla.

Cr. 600, 99 Pac. 622; Kent v. State, 8 Okla. Cr. 188, 126 Pac. 1040; Newby v. State, 17 Okla. Cr. 291, 188 Pac. 124; Sherman v. State, 20 Okla. Cr. 306, 202 Pac. 521; Moore v. State, 48 Okla. Cr. 106, 289 Pac. 788. Where there is a reasonable doubt as to whether the homicide is murder or manslaughter in the first degree, the court should resolve the doubt in favor of the accused and instruct on the law of manslaughter. Section 3091, Okla. Stat. 1931.

In the instant case deceased was engaged in an unlawful business, the manufacturing of whisky; this fact, however, gave defendant no right to commit a larceny of the fruits of this business. In taking the keg of whisky defendant was guilty of a misdemeanor, but, on the other hand, this fact did not justify deceased in attempting to kill him by shooting. If the matter had been submitted, the jury might have concluded the homicide was committed under conditions stated in the second or the third subdivision of section 2223, supra, and was first-degree manslaughter. At the very least, it was doubtful if the crime, arising as it did out of unlawful acts of both the deceased and the defendant, was murder or first-degree manslaughter, and in such state of the record defendant was entitled to have the law applicable to first-degree manslaughter submitted.

For the reasons assigned, the case is reversed.

DAVENPORT and DOYLE, JJ., concur.